419 S.E.2d 474

**Robert WILLIAMS, Plaintiff Below, Appellant,**

**v.**

**WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES, Jane L. Cline, Commissioner, Defendant Below, Appellee.**

**No. 20660.**

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1992.

Decided June 26, 1992.

Jeffrey S. Bowers, Sponaugle, Sponaugle & Bowers, Franklin, for appellant.

Mario J. Palumbo, Andrew F. Tarr, Office of the Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Robert Williams, appeals from the final order of the Circuit Court of Pendleton County, entered August 16, 1991, affirming the ninety-day suspension of appellant's driver's license by the appellee, Jane L. Cline, Commissioner of the West Virginia Department of Motor Vehicles. The appellant is the co-owner of an automobile which was driven upon the roads and highways of this State without security as required by *W.Va.Code*, 17D–2A–3 [1988]. On appeal, appellant contends that *W.Va.Code*, 17D–2A–3 [1988] requires that only the driver's license of one joint owner of a vehicle may be suspended when *W.Va.Code*, 17D–2A–3 [1988] is violated. He asserts that because his wife, who jointly owns the vehicle in question with the appellant, has already served a ninety-day suspension for this violation, the trial court committed reversible error when it affirmed the ninety-day suspension of appellant's driver's license. We hold for the appellant and reverse the final order of the trial court.

On August 25, 1988, Daniel Williams, the son of the appellant, received a citation for speeding in Pendleton County. Daniel Williams was also cited for driving a motor vehicle on the roads or highways of West Virginia without a valid policy of motor vehicle liability insurance. The owners of the vehicle driven by Daniel Williams were his parents: his father, the appellant, and

his mother, Donna Williams. Upon realization that the liability insurance on the vehicle had lapsed, the appellant contacted his insurance company and liability insurance on the vehicle was reinstituted on August 31, 1988.

On November 18, 1988, the Commissioner of the West Virginia Department of Motor Vehicles ordered the suspension of the drivers' licenses of the appellant, Donna Williams, and Daniel Williams for ninety days pursuant to the August 25, 1988 citation received by Daniel Williams for driving without valid motor vehicle liability insurance. All three timely requested an administrative hearing regarding their suspensions.

An administrative hearing was held on March 8, 1989, wherein Donna Williams, Daniel Williams, and the appellant testified. The appellant testified that he had not received any notice from his insurance company reminding him that his premium was due, and that he occasionally had problems in receiving mail at his home.[1] There was no testimony as to the expiration date of the prior insurance policy.

On May 15, 1991, the appellee Commissioner issued a final order wherein she found that the appellant "[w]as the owner of a motor vehicle which was driven upon a public highway in this State at a time when the security required by *W. Va. Code,* 17D–2A–3 was not in effect upon the said vehicle." The appellee's order cited and restated *W. Va. Code,* 17D–2A–7(a) [1988] as the basis for the suspension of the appellant's driver's license. *W. Va. Code,* 17D–2A–7(a) [1988] provided, *inter alia,* that "any" owner of a motor vehicle driven in West Virginia without liability insurance shall have his or her license suspended for ninety days.

The appellee ordered the appellant's driver's license suspended for ninety days. Similarly, the appellee ordered the suspension of Donna Williams' driver's license for ninety days based upon the same infraction.[2] Donna Williams duly surrendered

her driver's license for ninety days, but the appellant appealed his suspension to the Circuit Court of Pendleton County.

In an order entered August 6, 1991, the trial court denied the appellant's appeal, stating simply: "The Court finds that Petitioner has failed to produce clear and convincing evidence or conclusions of law in support of his Petition and accordingly, the same is hereby denied and the Order of the Department of Motor Vehicles continues in full force and effect." This appeal followed.

In 1990, the West Virginia legislature amended *W. Va. Code,* 17D–2A–7(a) by adding a proviso stating: "Provided, That if a motor vehicle is registered in more than one name, the driver license of only one of the owners shall be suspended by the commissioner." The appellant contends that the proviso was a mere clarification of the existing statute, and that the statute had contained the legislative intent expressed by the proviso prior to its addition. The appellee argues, to the contrary, that the addition of the proviso evinces a change in the law. Upon an examination of the statute, we must find for the appellant.

In the recent case of *Lee v. West Virginia Teacher's Retirement Board,* 186 W.Va. 441, 413 S.E.2d 96 (1991), we discussed our method of interpreting statutes. In syllabus points 1, 2 and 3, we stated:

1. ' " 'A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent

---

**1.** The appellant testified that this was the first time he had a problem with delivery of his insurance notice.

**2.** Daniel Williams' driver's license was not suspended.

therewith.' Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908)." Syl. pt. 1, *State ex rel. Simpkins v. Harvey*, [172] W.Va. [312], 305 S.E.2d 268 (1983).' Syl. Pt. 3, *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985).

2. ' "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syl. Pt. 2, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984).

3. ' "In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." Syl. Pt. 2, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syl. pt. 3, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984).

█ Our decision in this case turns upon the use of the word "any" in conjunction with the use of the singular, rather than plural tense of the statute. The 1988 version of *W.Va.Code*, 17D–2A–7(a) states:

> *Any owner* of a motor vehicle subject to the provisions of this article, who fails to have the required security in effect at the time such vehicle is being operated upon the roads or highways of this State, shall have *his* operator's or chauffeur's license suspended by the commissioner of the division of motor vehicles for a period of ninety days and shall have *his* motor vehicle registration revoked until such time as *he* shall present to the division of motor vehicles the proof of security required by this article.

(emphasis added). Appellee correctly notes that our holding in *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980) defined the word "any." In syllabus point 2 of *Thomas*, we stated: "The word 'any,' when used in a statute,

should be construed to mean any." In *Thomas* we also cited many eminent authorities on the meanings of words, and their definitions of the word "any":

> A preeminent authority, 1 *The Oxford English Dictionary* (reissue, 1970) at p. 378, would offer the following definitive commentary:
>
> 1. *gen.* An indeterminate derivative of one, or rather of its weakened adj. form *a, an*, in which the idea of unity (or, in plural, *partivity*) is subordinated to that of indifference as to the particular one or ones that may be selected. In *sing.* = A—no matter which; a—whichever, of whatever kind, of whatever quantity. In pl. = Some—no matter which, of what kind, or how many.
>
> Support for the Oxfordian view can be found as well in *Webster's New Collegiate Dictionary* (1979), at p. 51; *Black's Law Dictionary* 86 (5th ed. 1979); *Ballentine's Law Dictionary* 80 (3rd ed. 1969). For an overview of judicial decisions which have dealt with the meaning of the word, *see generally* 3A Words and Phrases 'Any' (Perm.Vol.1953); *Id.*, 'Any' (Cum.Suppl.1979).

164 W.Va. at 768, 266 S.E.2d at 908. In *Black's Law Dictionary* (6th ed. 1990), it is stated that the: "Word 'any' has a diversity of meaning and may be employed to indicate 'all' or 'every' as well as 'some' or 'one' and its meaning in a given statute depends upon the context and the subject matter of the statute.... It is often synonymous with 'either,' 'every,' or 'all.' " *Id.* at 94.

Appellee argues that the word "any" in *W.Va.Code*, 17D–2A–7(a) means "all," while the appellant asserts that it only means "one." We are strongly convinced by appellant's argument that, in the context of *W.Va.Code*, 17D–2A–7(a), "any" must mean "one" or "either." It is clear from the authorities cited herein that "any" may be used in either a singular or plural form. In this instance, the legislature has used "any" in a singular context. All references to when the statute is applicable are in the singular.[3] Furthermore,

---

**3.** The statute refers to "any owner," not *owners*, and refers to the suspension of "his driver license," not *their driver's licenses.*

the legislature could easily have chosen the word "all," which much more clearly stresses a plural form than "any," when wording the statute.

Therefore, we hold that the proviso added to *W. Va. Code*, 17D–2A–7(a) in 1990, providing that only one owner of a motor vehicle may have his or her driver's license suspended for failure to insure a motor vehicle used on the roads and highways of West Virginia, to be a mere clarification of the existing statute. It was error for the trial court to affirm the suspension of the appellant's driver's license after a joint owner had already had her driver's license suspended for the same violation of *W. Va. Code*, 17D–2A–7(a) [1988].

Based upon the foregoing, the August 6, 1991 order of the Circuit Court of Pendleton County is reversed.

Reversed.