599 S.E.2d 876

**David J. SHAFFER, M.D., Plaintiff Below, Respondent,**

v.

**FT. HENRY SURGICAL ASSOCIATES, INC., f/k/a Cardiac Surgeons, Inc., and Howard Shackelford, M.D., Defendants Below, Petitioners.**

**No. 31577.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 25, 2004.

Decided July 1, 2004.

2. The appellee denies having made a promise to lay a "top coat" or a "finish" coat of pavement.

Jolyon W. McCamic, Esq., Jeremy C. McCamic, Esq., Wheeling, for Petitioners.

Michael J. Florio, Esq., Clarksburg, for Respondent.

PER CURIAM.

This case is before this Court upon certified questions from the Circuit Court of Ohio County, West Virginia, concerning the application of the West Virginia Wage Payment and Collection Act ("Wage Payment and Collection Act"), *W.Va.Code* § 21–5–1, *et seq.,* to Respondent David J. Shaffer, M.D.'s [1] former employment with and action for damages against Petitioners Ft. Henry Surgical Asso-

ciates, Inc., *f/k/a* Cardiac Surgeons, Inc. ("Petitioner corporation"), and Howard Shackelford, M.D. (collectively referred to as "Petitioners").

I.

FACTS

Pursuant to an employment agreement entered into by the parties, Respondent became employed by Petitioner corporation for a term of employment beginning July 1, 1995 and terminating on June 30, 1997. The employment agreement provided, *inter alia,* that "it is understood and acknowledged by both [parties] that [Respondent's] status is solely as an employee[,]" and further, that Respondent "shall retain full discretion as to the specific application of his professional skills in his employment; however, the determination of working hours, general standards of professional performance and other matters of general policy are reserved to [Petitioner corporation]." The employment agreement expired by its own terms on June 30, 1997. It is undisputed that the parties exchanged, but never executed, subsequent employment agreements.

Though the employment agreement under which Respondent was working expired on June 30, 1997, Respondent continued his employment with Petitioner corporation until he was terminated on October 9, 1999. Following expiration of the initial employment agreement, Respondent's employment status remained that of employee.

After his employment was terminated, Respondent filed a complaint against Petitioners in the Circuit Court of Ohio County, alleging, *inter alia,* violations of the Wage Payment and Collection Act and also alleging conversion. *Complaint,* filed November 21, 2000. On or about December 26, 2000, Petitioners filed an answer and counterclaim to the complaint. By Order entered May 13, 2002, the Circuit Court ordered, *inter alia,* the complaint [2] and counterclaim bifurcated

---

**1.** We note that Respondent's employment with the Petitioner has been discussed in other cases before the Court. *See Rose v. St. Paul Fire & Marine Ins. Co.,* 215 W. Va. 250, 599 S.E.2d 673, 2003 WL 23576234 (No. 31317, June 25, 2004).

**2.** On or about May 15, 2002, Respondent filed a *Motion for Leave to Amend Complaint,* attaching thereto a proposed *First Amended Complaint.* The record before us is devoid of any order ruling on this motion.

and further ordered that "[t]he trial of this action... shall be limited to determining the terms and conditions of the employment relationship, if any, between Dr. Shaffer and the defendants." May 13, 2002 *Order*, in relevant part.

A trial on the matter was conducted on May 20, 2002. At the close of Respondent's evidence, the circuit court granted Petitioners' motion for judgment as a matter of law, *see W.Va. R. Civ. P.* 50(a)(2), and, thereafter, entered the following order:

It appearing to this Court, having considered all of the plaintiff's evidence in this case, and the reasonable inferences flowing therefrom, in the light most favorable to the plaintiff, that the evidence is insufficient as a matter of law and this Court finds that the plaintiff had become an employee at will whose employment was one of indefinite duration at the time of the plaintiff's dismissal on October 9, 1999. As a result, the provisions of W.Va.Code § 55–1–1(f) [3] applied and any contract between the parties was not in writing.

June 11, 2002 *Order*, in relevant part. (Footnote added)

Respondent did not appeal the June 11, 2002 order; instead, on September 19, 2002,

Respondent filed a *Second Amended Complaint*,[4] again alleging, *inter alia*, violations of the Wage Payment and Collection Act. It is Respondent's contention that, upon the conclusion of his employment agreement on June 30, 1997, Petitioners failed to notify him, in writing, of any changes in his pay, as required by *W.Va.Code* § 21–5–9(1) and (2) [1975] of the Act.[5] Respondent also claims he was entitled to receive production incentive bonuses for specific periods of his employment; an increase in salary which was to have become effective upon a date certain; additional compensation based upon payments received by Petitioner corporation on Respondent's accounts receivable for one year after his termination; and two months' advance notice of termination of his employment, regardless of cause, or compensation in lieu thereof.[6]

Petitioners filed an answer and counterclaim and, on or about December 11, 2002, filed a *Motion for Judgment of Dismissal*. By order entered May 14, 2003, the circuit court denied Petitioners' motion[7] and certified four questions to this Court, pursuant to *W.Va.Code* § 58–5–2 [1998].[8] However, this Court has the discretion to reformulate the questions and/or to decline to address one or more questions that have been certified by

---

**3.** *W.Va.Code* § 55–1–1 [1990], the statute of frauds, provides:
**When writing required.**
No action shall be brought in any of the following cases:

. . . . .

(f) Upon any agreement that is not to be performed within a year[.]

**4.** It appears that Respondent filed the *Second Amended Complaint* after the circuit court directed him to do so in an August 20, 2002 Order entered following an August 2, 2002 status conference. Although the August 20, 2002 order is not part of the record before us, Petitioners make reference to it in a *Motion for Judgment of Dismissal* they filed December 11, 2002.

**5.** *W.Va.Code* § 21–5–9(1) and (2) [1975] state:
Every person, firm and corporation shall:
(1) Notify his employees in writing, at the time of hiring of the rate of pay, and of the day, hour, and place of payment.
(2) Notify his employees in writing, or through a posted notice maintained in a place accessible to his employees of any changes in the arrangements specified above prior to the time of such changes.

**6.** Respondent states Petitioners failed to pay him this promised compensation, which is described in detail in the *Second Amended Complaint* and all of which he contends are "wages" under the Wage Payment and Collection Act. The issues of whether the alleged promised, but unpaid, compensation are "wages" under *W.Va.Code* § 21–5–1(c) [1987], and if they are "wages," whether Respondent was entitled to receive them, are issues not presently before this Court.

**7.** According to the circuit court's May 14, 2003 Order, the motion for judgment of dismissal was treated as a motion for summary judgment under *W.Va. R. Civ. P.* 56.

**8.** *See* Syl. pt. 5, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994) ("West Virginia Code, 58–5–2 (1967), allows for certification of a question arising from a denial of a motion for summary judgment. However, such certification will not be accepted unless there is a sufficiently precise and undisputed factual record on which the legal issues can be determined. Moreover, such legal issues must substantially control the case.")

the circuit court. *See Wiley v. Toppings*, 210 W.Va. 173, 556 S.E.2d 818 (2001). In the instant case, we have determined that two of the four questions are not necessary to the resolution of this case[9] and, further, that the remaining questions are somewhat redundant and are rephrased[10] in the following single question:

> Is a physician, whose employment status is solely as an employee, an "employee" within the meaning of W.Va.Code § 21–5–1(b) [1987] of the Wage Payment and Collection Act?

The circuit court answered the question in the affirmative.

## II.

## STANDARD OF REVIEW

■ " 'The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*.' Syl. pt. 1, *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996)." Syl. pt. 1, *Delaware CWC Liquidation Corp. v. Martin*, 213 W.Va. 617, 584 S.E.2d 473(2003). *See also* Syl. pt. 2, *Hollen v. Hathaway Electric, Inc.*, 213 W.Va. 667, 584 S.E.2d 523 (2003) (" 'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).").

## III.

## DISCUSSION

As indicated above, the certified question presented requires us to determine whether

9. Certified question number two involves the general application of the Wage Payment and Collection Act to an employment relationship governed by an employment agreement, while certified question number three involves the Act's application to the employment relationship at issue during the period Respondent worked for the Petitioner corporation under a valid written employment contract. Because Respondent does not seek damages under the Act for the contract period, we need not address certified questions number two and three.

10. *See* Syl. pt. 3, *Kincaid v. Mangum*, 189 W.Va. 404, 432 S.E.2d 74 (1993) ("When a certified question is not framed so that this Court is able to fully address the law which is involved in the

a physician like Respondent, whose employment status is solely as an employee, is an "employee" within the meaning of *W.Va.Code* § 21–5–1(b) [1987].

Petitioners contend that as one practicing a profession, *see W.Va.Code* § 30–1–1, *et seq.*,[11] and in particular, in the case of a physician whose professional services and conduct are subject to regulation and control pursuant to the West Virginia Medical Practice Act, *W.Va.Code* § 30–3–1, *et seq.*, Respondent may not be considered an "employee" within the meaning of the Wage Payment and Collection Act. Respondent argues, however, that the statutory term "employee" is broadly defined and does not distinguish employees who provide professional services from other so-called "working people."

■ Whether the Wage Payment and Collection Act applies to Respondent's employment relationship with Petitioner corporation requires this Court to review the relevant statutory language. In so doing, we are mindful that "[i]n examining statutory language generally, words are given their common usage and '[c]ourts are not free to read into the language what is not there, but rather should apply the statute as written.' " *Keatley v. Mercer County Bd. of Educ.*, 200 W.Va. 487, 491, 490 S.E.2d 306, 310 (1997) (*quoting State ex rel. Frazier v. Meadows*, 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994).). Furthermore, in syllabus point three of *Maikotter v. Univ. of W.Va. Bd. of Trustees*, 206 W.Va. 691, 527 S.E.2d 802 (1999), we held that

question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W.Va.Code*, 51–1A–1, *et seq.* and *W.Va.Code*, 58–5–2 [1967], the statute relating to certified questions from a circuit court of this State to this Court.").

11. *W.Va.Code* § 30–1–1, *et seq.*, is entitled "General Provisions Applicable to All State Boards of Examination or Registration Referred to in Chapter." The boards referred to therein oversee the practice of the professions referred to in Chapter 30, including licensing, registration, certification and other authorizations to practice. *See W.Va.Code* § 30–1–1a [1996].

" ' " ' "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2[,] *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).' Syl. pt. 1, *Peyton v. City Council of Lewisburg,* 182 W.Va. 297, 387 S.E.2d 532 (1989)." Syl. pt. 3, *Hose v. Berkeley County Planning Commission,* 194 W.Va. 515, 460 S.E.2d 761 (1995).' Syl. pt. 2, *Mallamo v. Town of Rivesville,* 197 W.Va. 616, 477 S.E.2d 525 (1996)."

▬ Furthermore, it is well settled that " ' "[t]he West Virginia Wage Payment and Collection Act is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld." Syllabus, *Mullins v. Venable,* 171 W.Va. 92, 297 S.E.2d 866 (1982).' Syl. Pt. 3, *Jones v. Tri–County Growers, Inc.,* 179 W.Va. 218, 366 S.E.2d 726 (1988)." Syl. pt. 3, *Lipscomb v. Tucker County Com'n,* 206 W.Va. 627, 527 S.E.2d 171 (1999). Therefore, "[s]tatutes, such as the [Wage Payment and Collection Act], that are designed for remedial purposes are generally construed liberally to benefit the intended recipients." *Conrad v. Charles Town Races, Inc.,* 206 W.Va. 45, 51, 521 S.E.2d 537, 543 (1998) (citations omitted).

▬ *W.Va.Code* § 21–5–1(b) [1987] defines the term "employee" to "include[ ] any person suffered or permitted to work by a person, firm or corporation." [12] This statutory definition "is different from and broader than the common law definition of an 'employee[,]' " and "was adopted to further [the] important public policy [which] 'requires employers to pay the wages of working people who labor on their employer's behalf.' " *Legg v. Johnson, Simmerman & Broughton, L.C.,* 213 W.Va. 53, 58, 576 S.E.2d 532, 537

(2002) (*quoting Mullins v. Venable,* 171 W.Va. 92, 96, 297 S.E.2d 866, 871 (1982).). *See Szturm v. Huntington Blizzard Hockey Associates,* 205 W.Va. 56, 61, 516 S.E.2d 267, 272 (1999) (holding that the statute's "broad definition" of "employee" applies to management employees).

▬ The term "employee," as broadly-defined in W.Va.Code § 21–5–1(b) [1987], encompasses "**any** person suffered or permitted to work by a person, firm or corporation." " 'The word "any," when used in a statute, should be construed to mean any.' Syl. pt. 2, *Thomas v. Firestone Tire & Rubber Co.,* 164 W.Va. 763, 266 S.E.2d 905 (1980)." Syl. pt. 4, *Williams v. W.Va. Dept. of Motor Vehicles,* 187 W.Va. 406, 419 S.E.2d 474 (1992). Furthermore, as we held in syllabus point three of *Ohio Cellular RSA v. Board of Public Works,* 198 W.Va. 416, 481 S.E.2d 722 (1996), " ' "[i]n the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meaning." Syl. Pt. 1, *Tug Valley Recovery Center, Inc. v. Mingo County Commission,* 164 W.Va. 94, 261 S.E.2d 165 (1979).' Syl. Pt. 1, *Pennsylvania and W.Va. Supply Corp. v. Rose,* 179 W.Va. 317, 368 S.E.2d 101 (1988)."

The word "any" is diversely defined, *inter alia,* as "one, a, an or some; one or more without specification or identification; whatever or whichever it may be; in whatever quantity or number, great or small; some; every; all." *Webster's Unabridged Dictionary,* at p. 96 (Second Ed.1998). Clearly, the meaning of "any" relevant to the statutorily-defined term "employee" is "every," such that every (and therefore, any) person suffered or permitted to work by a person, firm or corporation is an "employee" within the meaning of *W.Va.Code* § 21–5–1(b) [1987].[13]

**12.** *See W.Va.Code* § 21–5–1(m) [1987] ("The term 'employer' means any person, firm or corporation employing any employee.")

**13.** A similar definition of "employee" in Hawaii's wage payment statute was construed in a like manner. In *Arimizu v. Financial Sec. Ins. Co., Inc.,* 5 Haw.App. 106, 679 P.2d 627 (1984), a former employee, who was a shareholder and an executive officer of the employer corporation, sued the corporation for unpaid wages and vaca-

tion benefits under a provision in Hawaii's wage payment laws. The employer corporation argued the statute was intended to benefit the "low level employee" and that the plaintiff employee was not the type of employee encompassed by the provision. *Id.,* at 632. The court rejected the employer's argument and concluded, *inter alia* that the term "employee," defined as "any person suffered or permitted to work," *see* HRS § 388–1 [1976], "does not differentiate between

Thus, Petitioners' argument that physicians and others practicing a profession, as set forth in *W.Va.Code* § 30–1–1, *et seq.*,[14] who are suffered or permitted to work by a person, firm or corporation, are not "employees" within the meaning of W.Va.Code § 21–5–1(b) [1987] is simply not supported by the plain language of the statute.[15]

Indeed, this Court is convinced that if the Legislature had intended to restrict recovery under the Wage Payment and Collection Act to certain categories of employees, it would have so indicated in the language of the Act, just as it did in other labor and employment statutes. *See e.g., W.Va.Code* § 21–5C–1(f) [1999] (the term "employee," under minimum wage and maximum hours laws, has various exclusions including, *inter alia,* "any individual employed in a bona fide professional, executive or administrative capacity") and § 21A–1A–17 [2002] (under unemployment compensation statutes, "employment" includes numerous exclusions). Instead, the Legislature elected to employ language which encompasses any person, regardless of occupation, trade, vocation or profession, who is suffered or permitted to work by a person,

firm or corporation and thus, satisfies the statutory definition.

Accordingly, we hold that any person suffered or permitted to work by a person, firm or corporation is an "employee" under *W.Va.Code* § 21–5–1(b) [1987] and is entitled to seek relief under the Wage Payment and Collection Act. In the instant case, Petitioners do not contend that Respondent's employment status was ever altered during his employment with Petitioner corporation; thus, Respondent's employment status was solely that of employee until he was discharged on October 9, 1999. Absent any evidence to the contrary, Respondent satisfied the expansive definition of "employee" and is entitled to seek damages and other applicable relief under the provisions of the Wage Payment and Collection Act.[16]

## IV.

## CONCLUSION

For the reasons stated, we answer the certified question in the affirmative, as a physician, whose employment status is solely as an employee, is an "employee" within the

---

employees by their responsibilities or wages earned." *Id.*

14. Petitioners' argument that, by virtue of *W.Va. Code* § 30–1–1, *et seq.*, one practicing a profession is not an "employee" for purposes of collecting unpaid wages under the Wage Payment and Collection Act, is wholly untenable. The professions to which *W.Va.Code* § 30–1–1, *et seq.*, refers and which are subject to regulation and control by licensing and registration boards are widely diverse. Not only are the practices of medicine and law among them, *see W.Va.Code* §§ 30–3–1, *et seq.*, and 30–2–1, *et seq.*, but also included are barbers and cosmetologists, *W.Va.Code* § 30–27–1, *et seq.*, registered professional nurses, *W.Va. Code* § 30–7–1, *et seq.*, physical therapists, *W.Va. Code* § 30–20–1, *et seq.*, and massage therapists, *W.Va.Code* § 30–37–1, *et seq.*, to name only a few. For obvious reasons, the beneficient purpose of the Act would be greatly undermined if this Court were to exclude these working people from this effective statutory remedy for the arbitrary reason that their professions are subject to licensing, certification and/or registration by the State under Chapter 30.

15. Petitioners also rely on the case of *Legg v. Johnson, Simmerman & Broughton, supra,* in which this Court concluded that the Wage Pay-

ment and Collection Act did not apply to a lawyer's claims against a law firm with which he had formerly associated. The plaintiff lawyer argued he was an employee of the law firm. In reality, however, the lawyer had simply entered into a cost-sharing arrangement with the firm under which he was responsible for paying one-fourth of all net costs associated with the operation of the office. Accordingly, we concluded, in *Legg,* that this office-sharing arrangement, standing alone, did not render the plaintiff lawyer an "employee" within the meaning of the Wage Payment and Collection Act. Because the employment relationship at issue does not resemble the facts of *Legg,* we believe Petitioners grossly misread it as support for their argument that those who practice a profession are not "employees" under the Act.

16. According to Respondent's *Second Amended Complaint,* he seeks to recover the amount of alleged unpaid compensation, which he contends are "wages" under *W.Va.Code* § 21–5–1(c) [1987], liquidated damages in the form of thirty day's wages, reasonable attorneys fees and costs. *See W.Va.Code* §§ 21–5–4(b) and (e) [1975] and 21–5–12 [1975]. As previously noted, whether the alleged unpaid compensation are "wages" under the Act and whether Respondent is entitled to receive them are issues not presently before this Court.

meaning of *W.Va.Code* § 21–5–1(b) [1987], and is, therefore, entitled to seek relief under the Wage Payment and Collection Act. Having answered the certified question presented by the Circuit Court of Ohio County, this case is dismissed from the docket of this Court.

Certified question answered; case dismissed.

Justice McGRAW dissents.