703 S.E.2d 524

**Donna McKNEELY, Petitioner Below, Appellant**

v.

**WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD, Respondent Below, Appellee.**

No. 35471.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 2010.

Decided Oct. 28, 2010.

---

Marvin W. Masters, Kelly L. Elswick–Hall, The Masters Law Firm, Charleston, WV, for Appellant.

J. Jeaneen Legato, WV Consolidated Public, Retirement Board, Charleston, WV, for Appellee.

PER CURIAM:

In this appeal, Appellant Donna McKneely seeks reversal of an order entered July 31, 2009, in the Circuit Court of Kanawha County, which affirmed a final decision of the West Virginia Consolidated Public Retirement Board ("Board"), denying her so-called "duty-related" partial disability retirement benefits under W.Va.Code § 15–2–29 (2000)(Repl.Vol.2004). Instead, the Board awarded Appellant "non-duty" disability retirement benefits pursuant to W.Va.Code § 15–2–30 (1994)(Repl. Vol.2004). Our task is to determine whether Appellant is entitled to a partial disability retirement benefits award under the provisions of W.Va.Code § 15–2–29.

Upon careful consideration of the petition for appeal, the briefs and arguments of counsel and the applicable legal authority, and for the reasons discussed below, we reverse the order of the circuit court.

I. Factual and Procedural Background

On June 28, 1999, Appellant had been an active member of the West Virginia State Police ("State Police") for more than eight years. On that date, she, along with other members of the State Police, sat for a promotion examination (also referred to as "sergeant's exam") at the State Police Academy. It is undisputed that, during a break in the examination, Appellant slipped and fell on a newly-waxed floor as she was walking across it, injuring her back, neck and spine. Thereafter, Appellant worked on and off in her capacity as a member of the State Police until, in January 2001, the injury forced her to seek a partial disability retirement award under the West Virginia State Police Death, Disability and Retirement Fund ("Plan A").

Appellant applied for "duty related" partial disability retirement benefits under W.Va Code § 15–2–29.[1] W.Va Code § 15–2–29 provides, in pertinent part:

(a) Any member of the division who has been or shall become physically or mentally permanently disabled by injury, illness or disease **resulting from any occupational risk or hazard inherent in or peculiar to the services required of members of the division and incurred pursuant to or while such member was or shall be engaged in the performance of his or her duties as a member of the division** shall, if, in the opinion of the retirement board, he or she is by reason

1. Appellant applied for benefits in January 2001. W.Va.Code § 15–2–29 was subsequently amended; however, it is the version of the statute in effect at the time Appellant applied for benefits which applies to the facts presented herein and which is discussed in this opinion.

of such cause unable to perform adequately the duties required of him or her as a member of the division, but is able to engage in any other gainful employment, be retired from active service by the retirement board.

(Emphasis added)

By letter from the Board dated January 24, 2001, Appellant was advised that she had been granted a "non-duty disability" award.[2] The Board's letter indicated that its determination was based on the fact that the physician selected by the Board to examine Appellant concluded that her "illness/injury was not an injury or illness resulting from any occupational risk or hazard inherent in or peculiar to the services required of your job as a State Trooper. Therefore, the Board awarded you a NON–DUTY DISABILITY." [3]

Appellant did not file an administrative appeal of the Board's decision; however, on

or about September 9, 2005, through a lay representative, she requested that her partial disability retirement award be changed from "non-duty" to "duty-related" status. By letter dated September 22, 2005, the Board denied Appellant's request, determining that Appellant "is not eligible for partial duty related disability benefits as she is already in retirement status and is no longer an active participant of Plan A." [4] The letter further advised Appellant that she had ninety days to request an appeal hearing of the Board's decision.[5]

Appellant requested an appeal hearing and, on August 17, 2006, the matter was heard before Hearing Officer Jack W. DeBolt. Appellant testified that, prior to the June 28, 1999, examination date, she received a written "order" from her superiors which required her to sit for the sergeant's exam on the scheduled date.[6] Approximately three

2. W.Va.Code § 15–2–30 provides for partial disability retirement benefits where a member of the West Virginia State Police becomes disabled from a cause other than those set forth in W.Va. Code § 15–2–29. W.Va.Code § 15–2–30 states, in relevant part:

If any member while in active service of the division has or shall, in the opinion of the retirement board, become permanently disabled to the extent that such member cannot adequately perform the duties required of a member of the division from any cause other than those set forth in the preceding section and not due to vicious habits, intemperance or willful misconduct on his or her part, such member shall be retired by the retirement board.

3. According to the January 24, 2001, letter from the Board to Appellant,

The major factor in the approval of any state disability retirement is the legal requirement that the applicant's doctor and a doctor selected by the Board both agree that the employee is totally and permanently disabled based on substantial medical reasons. Under the Public Safety Retirement System the doctors must additionally both agree on the issue of duty or non-duty related disability."

In Appellant's case, although her physician, Gyanesh Agrawal, M.D., opined that Appellant's injury resulted from an occupational risk or hazard inherent in and peculiar to the services required of a State Trooper, the physician selected by the Board, Paul. K. Forberg, M.D., disagreed.

4. Relying on W.Va.Code § 15–2–29, the Board determined that "members who become injured from a duty related cause and who are unable to continue the performance of their duties as a

state trooper but are able to perform non law enforcement duties, may be retired from *active* service on a partial duty related disability. The provisions of WV Code 15–2–25b(e) define member as an employee of the West Virginia State Police who is an active participant of Plan A." September 22, 2005, letter from the Board to Norman Henry, Appellant's lay representative. (Emphasis provided)

5. In its brief, the Board points out that Appellant's September 9, 2005, request to change her disability retirement status was incorrectly treated as a new matter by the Board and that her appeal to the Board was untimely filed. Following the August 17, 2006, appeal hearing, the hearing officer rejected the Board's argument and determined that Appellant's request to change her partial disability retirement status was timely filed because, at the time the original decision granting Appellant non-duty partial disability retirement benefits was made, there was no limitation period for filing an appeal. In the present appeal, the Board does not raise a cross-assignment of error that Appellant's appeal of her disability retirement status to the Board should have been dismissed as untimely filed.

6. According to Appellant, she lost the written "order" requiring her to attend the sergeant's exam on June 28, 1999, and thus, was unable to introduce the document into evidence during the August 17, 2006, appeal hearing. In contrast, during oral argument before this Court, the Board denied that an order requiring her to appear at the June 28, 1999, exam was ever sent to Appellant.

weeks before the examination date, Appellant gave birth by cesarean section and was on paid maternity leave. According to Appellant, she contacted her superior, Major Bedwell, and requested that she be permitted to take the sergeant's exam at a later date. Appellant testified that Major Bedwell "advised me that that was impossible, that this was the only time that I could take the test, and if I didn't appear that day then I would not be even considered for the sergeant's test and that was the only day that they were giving that." Appellant further testified that "If I didn't appear on that day, then I was not to be involved in the sergeant's testing for promotion. That is the only way that I could be considered for promotion." Successful completion of the sergeant's exam would, according to Appellant, involve a substantial increase in pay. Because she believed she had no other option than to sit for the sergeant's exam on the originally-scheduled date of June 28, 1999, Appellant appeared at the State Police Academy and participated in the examination. The Board did not cross-examine Appellant on this issue and did not otherwise dispute her testimony in this regard.

Appellant further testified that although she and other members of the State Police were not compensated for their time spent participating in the examination on June 28, 1999, that policy was subsequently changed. According to Appellant, currently, members of the State Police are paid for participating in promotion examinations. Appellant's testimony in this regard was not disputed by the Board.

As indicated above, Appellant was injured when she slipped and fell during a break in the examination and, although she attempted to return to her employment at the State Police—working on and off there following the injury—she eventually applied for duty-related partial disability retirement benefits under W.Va Code § 15–2–29.

In a Recommended Decision of Hearing Officer, dated April 10, 2007, it was recommended that Appellant's request to change her partial non-duty disability retirement award to a duty-related award be denied. In support thereof, the recommended decision relied on a February 26, 1999, letter from Captain Charles Bedwell, Promotional Standards Officer,[7] to Appellant, indicating that "participation in a promotional cycle is voluntary and is not compensable time."[8] The letter further indicated that "time spent preparing for, traveling to and participating in examinations ... will not be considered as or reported as hours worked." The recommended decision acknowledged that even though Appellant would have "foregone eligibility for promotion" during the promotional cycle if she had failed to take the sergeant's exam on the assigned date, it concluded "that participation in the examination for promotion was not a duty of her employment." The recommended decision further concluded that because Appellant's participation in the sergeant's exam was "purely voluntary," Appellant's injury was not "incurred pursuant to or while she was engaged in the performance of her duties as a State Trooper as required by" W.Va.Code § 15–2–29.

On or about May 23, 2007, the Board adopted the recommended decision as its final order, thereby denying Appellant's appeal. Thereafter, Appellant appealed the Board's order to the Circuit Court of Kanawha County. In an order entered July 31, 2009, the circuit court affirmed the final order of the Board. The court's order recognized that, under W.Va.Code § 15–2–29, Appellant would qualify for duty-related benefits if the following two prongs are met: "First, the beneficiary must have been injured as a result of an occupational risk or hazard inherent in or peculiar to the services required of members of the division. Secondly, the injuries must be incurred pursuant to or while such member was or

---

7. The record does not clarify whether Major Bedwell, to whom Appellant spoke when she sought permission to reschedule her participation in the sergeant's exam, and Captain Bedwell are the same person.

8. As noted previously, Appellant testified that although she and other examination participants were not paid for their participation in the promotion exam, that policy has since changed; participation in examinations for promotion is now compensable time.

shall be engaged in the performance of her duties as a member of the division."

The circuit court determined that "whether a slip and fall is an occupational risk or hazard inherent in or peculiar to the services of a State Trooper is inconsequential[,]" and that "such a determination [is] unnecessary because [Appellant] does not qualify for benefits under the second prong." Relying on the aforementioned February 26, 1999, letter from Captain Bedwell to Appellant, the court concluded that Appellant's "participation in the examination for promotion was voluntary, not compensated and occurred while she was not on duty. The [Appellant's] failure to sit for the exam would only result in her forgoing the promotional cycle; participation or non-participation in the exam had no adverse affect [sic] on her present working conditions or the continuance of her employment as a State Trooper."

It is from the circuit court's July 31, 2009, order that Appellant now appeals.

## II. Standard of Review

■ Appellant contends that the circuit court erred in affirming the final order of the Board, which denied her request to change her non-duty partial disability retirement benefits to duty-related partial disability retirement benefits. In considering her appeal, this Court applies the same standard of review that the circuit court applied to the Board's administrative decision. We held in syllabus point one of *Black v. State Consol. Public Retirement Bd.*, 202 W.Va. 511, 512, 505 S.E.2d 430, 431 (1998) that

> "Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4)

Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.' Syllabus Point 2, *Shepherdstown V.F.D. v. W.Va. Human Rights*, 172 W.Va. 627, 309 S.E.2d 342 (1983)."

■ Furthermore, in syllabus point two of *Black*, we declared that

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

202 W.Va. at 513, 505 S.E.2d at 432.

## III. Discussion

The sole issue in this appeal is whether Appellant is entitled to duty-related partial disability retirement benefits under *W.Va. Code* § 15–2–29, which provides for such benefits for injuries "resulting from any occupational risk or hazard inherent in or peculiar to the services required of members of the [State Police] and incurred pursuant to or while such member was or shall be engaged in the performance of his or her duties as a member of the [State Police]." Appellant argues that the two requirements set forth in W.Va.Code § 15–2–29 are satisfied because her injury (1) resulted from an occupational hazard peculiar to the services required of members of the State Police, and (2) was incurred pursuant to the performance of her duties as a member of the State Police.

■ In considering the applicability of W.Va.Code § 15–2–29 to the particular facts of this case, we are mindful that the relevant statutory language is broadly worded and is not otherwise defined in the statute. Thus, as we held in syllabus point four of *Bluestone Paving, Inc. v. Tax Commissioner*, 214

W.Va. 684, 591 S.E.2d 242, 243 (2003), " '[i]n the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection which they are used.' Syllabus point 1, *Miners in General Group v. Hix*, 123 W.Va. 637, 17 S.E.2d 810 (1941), *overruled on other grounds by, Lee–Norse Co. v. Rutledge*, 170 W.Va. 162, 291 S.E.2d 477 (1982)." *See Syl. Pt. 3, Ohio Cellular RSA Ltd. Partnership v. Board of Public Works of State of W.Va.*, 198 W.Va. 416, 417, 481 S.E.2d 722, 723 (1996) (" " '[i]n the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meaning." Syl. Pt. 1, *Tug Valley Recovery Center, Inc. v. Mingo County Commission*, 164 W.Va. 94, 261 S.E.2d 165 (1979).' Syl. pt. 1, *Pennsylvania and West Virginia Supply Corp. v. Rose*, 179 W.Va. 317, 368 S.E.2d 101 (1988).") Furthermore, we typically afford a statute a construction that is consistent with the legislative intent. Indeed, " 'the primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.' Syl. pt. 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. Pt. 3, *Davis Memorial Hosp. v. W.Va. State Tax Com'r.*, 222 W.Va. 677, 678, 671 S.E.2d 682, 683 (2008). As we stated in *Spencer v. Yerace*, 155 W.Va. 54, 60, 180 S.E.2d 868, 872 (1971), "[s]ome of the purposes of statutes providing for police pensions are to promote efficiency, to encourage continuity of service, and to protect the employee and his family." (Internal citations omitted) Thus, "pension provisions applicable to members of the police force [are to] be liberally construed and ambiguities resolved in favor of those to be benefited." *Id.*, 155 W.Va. at 59, 180 S.E.2d at 871.[9]

■ The first requirement that must be satisfied under W.Va.Code § 15–2–29 is that Appellant's injury must have "result[ed] from *any occupational* risk *or hazard* inherent in *or peculiar to* the services required of members of the [State Police]." (Emphasis added) It is Appellant's contention that her injuries resulting from the fall at the State Police Academy during the course of her participation in a promotional examination resulted from an occupational hazard[10] peculiar to the services required of members of the State Police. W.Va.Code § 15–2–29.

■ As indicated above, the relevant statutory language in W.Va.Code § 15–2–29 is not defined therein. Thus, this Court must give the words used in the statute their common, ordinary and accepted meaning. *Ohio Cellular*, 198 W.Va. at 421, 481 S.E.2d at 727. First, the statute uses the word "any" to modify "occupational risk or hazard." The use of "any" to describe from what occupational risk or hazard an injury (or illness or disease) may result is widely encompassing, clearly indicating that the statute applies to more than injuries received exclusively "in the line of duty."[11]

■ Because Appellant contends her injury resulted from an "occupational ... hazard ... peculiar to the services required of members of the [State Police]," W.Va.Code

---

9. *Cf. Coordinating Council for Independent Living, Inc. v. Palmer*, 209 W.Va. 274, 281, 546 S.E.2d 454, 461 (2001) and *Ohio Cellular*, 198 W.Va. at 421, 481 S.E.2d at 727 (giving common, ordinary and accepted meaning to language used in tax statutes and liberally construing same in favor of taxpayer).

10. As indicated above, under the first requirement of W.Va.Code § 15–2–29 (2000), an injury must "result[ ] from any occupational risk *or* hazard inherent in or peculiar to the services required of members of the [State Police]." (Emphasis added) The statute's plain language clearly provides that the word "occupational" modifies both "risk" and "hazard."

11. As we held in syllabus point four of *Williams v. W.Va. Dept. of Motor Vehicles*, 187 W.Va. 406, 407, 419 S.E.2d 474, 475 (1992), " '[t]he word "any," when used in a statute, should be construed to mean any.' Syl. pt. 2, *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980)." This Court has recognized the term "any" to be "diversely defined." *Shaffer v. Fort Henry Surgical Associates, Inc.*, 215 W.Va. 453, 458, 599 S.E.2d 876, 881 (2004). Indeed, "any" means, *inter alia*, "[o]ne, no matter which, from three or more; a, an, or some; [s]ome, regardless of quantity or number[;][t]he smallest quantity or number of; even one; [e]very[.]" American Heritage Dictionary 59 (1980). Clearly, in the context of W.Va.Code § 15–2–29, the meaning of the word "any" is "every."

§ 15–2–29, we must analyze the meaning of the phrases "occupational hazard" and "peculiar to." The word "occupational" is defined as "[o]f, pertaining to, or caused by engagement in a particular occupation[,]" American Heritage Dictionary 908 (1980), while the word "hazard" means, among other things, "[a] chance or accident[.]" *Id.*, at 605.[12] Finally, the word "peculiar" means, *inter alia*, "[e]xclusive; unique; [b]elonging distinctively or especially to one person, group, or kind[.]" American Heritage Dictionary 965. Thus, in order for the first requirement of W.Va.Code § 15–2–29 to be satisfied, Appellant's injury must have resulted from an occupational hazard (that is, chance or accident) peculiar to (that is, exclusive or unique to) the services required of her as a member of the State Police.

Having ascertained the common, ordinary and accepted meanings of the words and phrases used in the first requirement of W.Va.Code § 15–2–29, we must now determine whether this first requirement is satisfied under the facts presented herein. It is undisputed that participation in the sergeant's exam by Appellant and other members of the State Police is a prerequisite to promotion to the rank of sergeant. Indeed, sometime prior to the June 28, 1999, examination date, Appellant became eligible to participate in the exam. According to Appellant's testimony, when she contacted her superior to request that she be permitted to reschedule her attendance on the assigned examination date because she had just had a baby, her request was denied. Thus, Appellant testified that she participated in the sergeant's exam on that date because her superior denied her request to reschedule the exam and because she wished to be considered for promotion to sergeant. She further testified that if she successfully completed the exam, she would receive a corresponding and substantial increase in pay. Appellant's testimony in this regard was not disputed by the Board. As indicated above, it was during this examination at the State Police Academy that Appellant was injured when she slipped and fell on a newly-waxed floor. Clearly, only members of the State Police who were qualified and therefore eligible to participate in the exam and who wished to be considered for promotion to the rank of sergeant appeared at the State Police Academy on June 28, 1999, for the purpose of participating in the sergeant's exam. Under the facts presented herein, Appellant's injury resulted from an occupational hazard peculiar to the services required of her as a member of the State Police. Thus, the first requirement of W.Va.Code § 15–2–29 is satisfied.

■ The second requirement that must be satisfied under W.Va.Code § 15–2–29 is that Appellant's injury must have been incurred pursuant to or while she was engaged in the performance of her duties as a member of the State Police. Appellant argues that when she slipped and fell at the State Police Academy during her participation in the sergeant's exam, her resulting injury was incurred pursuant to the performance of her duties as a member of the State Police. We find this second requirement to be satisfied.

12. As previously noted, under the first requirement of W.Va.Code § 15–2–29, an injury must "result[ ] from any occupational risk *or* hazard inherent in or peculiar to the services required of members of the [State Police]." (Emphasis added) Thus, under the plain language of the statute, "risk" and "hazard" are used in the alternative. We further note that, in addition to meaning "a chance or accident," the word "hazard" may also be defined as meaning "danger; peril; *risk* [.]" American Heritage Dictionary 605. (Emphasis added) However, because "risk" and "hazard" are used alternatively in the W.Va. Code § 15–2–29, it would be repetitive for "hazard" to be defined as meaning "risk" in the context of the statute. *See* Syl. Pt. 2, in part, *L.H. Jones Equipment Co. v. Swenson Spreader, LLC*, 224 W.Va. 570, 571, 687 S.E.2d 353, 354 (2009) (declaring that every word in a statute has a purpose and an interpretation of a statute making a word "a mere repetition of another word, phrase or clause thereof must be rejected as being unsound, [and] if it be possible so to construe the statute as a whole, as to make all of its parts operative and effective.' Syllabus point 7, *Ex parte Watson*, 82 W.Va. 201, 95 S.E. 648 (1918)."). Likewise, as indicated above, "hazard" is also defined as "danger; peril," American Heritage Dictionary 605, which terms are synonymous with the word "risk;" thus, assigning them to mean "hazard" would also be repetitive of the term "risk." *See L.H. Jones Equipment*, at Syl. pt. 2, 224 W.Va. at 571, 687 S.E.2d at 354. Consequently, the word "hazard," as that term is used in W.Va.Code § 15–2–29, means "a chance or accident."

As previously discussed, participation in the examination by Appellant and other members of the State Police is a prerequisite for promotion to the rank of sergeant. It is undisputed that when Appellant requested of her superior that she be permitted to reschedule her participation in the examination on June 28, 1999, due to the very recent birth of her child, her request was denied. It is further undisputed that Appellant appeared at the State Police Academy on June 28, 1999, because she was not permitted to reschedule her participation in the sergeant's exam; because she wished to be considered for promotion to the rank of sergeant; and because, with such a promotion, she would receive a corresponding increase in pay. Indeed, Appellant could not advance to the rank of sergeant or achieve the corresponding raise in pay *without* participating in the promotion examination.

Clearly, Appellant's injury occurring at the State Police Academy during her participation in the sergeant's exam on June 28, 1999, was incurred pursuant to the performance of her duties as a member of the State Police. Accordingly, the second requirement of W.Va.Code § 15–2–29 is satisfied.

■ As discussed above, this Court is of the opinion that the facts of this case satisfy both of the foregoing requirements of W.Va. Code § 15–2–29.[13] Accordingly, the circuit court's order affirming the order of the Board and thereby denying Appellant's request to change her non-duty partial disability retirement benefits to duty-related benefits was clearly wrong in view of the reliable, probative and substantial evidence on the whole record. *Black*, at Syl. pt. 1, 202 W.Va. at 512, 505 S.E.2d at 431. Appellant is thus entitled to duty-related partial disability retirement benefits pursuant to W.Va.Code § 15–2–29.

### IV.  Conclusion

Based upon the foregoing, the July 31, 2009, order of the Circuit Court of Kanawha County, is hereby reversed.

Reversed.

---

**13.**  We note that both the circuit court order and the order of the Board addressed only the second requirement of W.Va.Code § 15–2–29, finding, *inter alia*, that because participation in the sergeant's exam was "voluntary" and not compensable, Appellant's injury was not incurred pursuant to or while she was engaged in the performance of her duties as a member of the State Police. As discussed above, participation in (and successful completion of) the sergeant's exam is a prerequisite to achieving the rank of sergeant and obtaining a corresponding and substantial increase in pay. Thus, it is clear that Appellant could not advance to the rank of sergeant or achieve the corresponding raise in pay *without* participating in the promotion examination. Under the facts presented, the fact that participation in the exam was "voluntary" and not compensable is not material to our determination that Appellant's injury was incurred pursuant to the performance of her duties as a member of the State Police.