IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

_____

No. 16-0357

_____

FILED

**September 21, 2017**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

WAYNE DUBUQUE,
Petitioner

_____

Appeal from the Circuit Court of Jefferson County
The Honorable David H. Sanders, Judge
Criminal Case No. 15-F-11

REVERSED AND REMANDED WITH DIRECTIONS

_____

Submitted: September 13, 2017
Filed: September 21, 2017

Kevin D. Mills, Esq.                          Scott E. Johnson, Esq.
Shawn R. McDermott, Esq.                Assistant Attorney General
Mills McDermott, PLLC                     Charleston, West Virginia
Martinsburg, West Virginia               Brandon C. H. Sims, Esq.
Counsel for Petitioner                        Jefferson County Assistant Prosecutor
                                                          Charles Town, West Virginia
                                                          Counsel for Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.
CHIEF JUSTICE LOUGHRY concurs and reserves the right to file a concurring Opinion.
JUSTICE WORKMAN concurs and reserves the right to file a concurring Opinion.
JUSTICE WALKER concurs and reserves the right to file a concurring Opinion.

SYLLABUS BY THE COURT

1.     "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

2.     "The analysis of whether a criminal defendant may be separately convicted and punished for multiple violations of a single statutory provision turns upon the legislatively-intended unit of prosecution." Syllabus Point 4, *State v. Goins*, 231 W.Va. 617, 748 S.E.2d 813 (2013).

3.     "This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*." Syllabus Point 2, *Huffman v. Goals Coal Co.*, 223 W.Va. 724, 679 S.E.2d 323 (2009).

4.     Under W.Va. Code § 61-8C-3(a) [2014], any person who knowingly and willfully possesses any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony.

5.     Under W.Va. Code § 61-8C-3(b) [2014], any person who knowingly and willfully possesses *fifty or fewer images* visually portraying a minor

engaged in any sexually explicit conduct is guilty of a felony and, upon conviction, shall be imprisoned for not more than two years or fined not more than $2,000 or both.

6.       Under W.Va. Code § 61-8C-3(c) [2014], any person who knowingly and willfully possesses *more than fifty but fewer than six hundred images* visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony and, upon conviction, shall be imprisoned not less than two nor more than ten years or fined not more than $5,000, or both.

7.       Under W.Va. Code § 61-8C-3(d) [2014], any person who knowingly and willfully possesses *six hundred or more images* visually portraying a minor engaged in any sexually explicit conduct or images depicting violence against a child or images depicting a child engaging in bestiality shall, upon conviction, be imprisoned for not less than five nor more than fifteen years or fined not more than $25,000, or both.

8.       Under W.Va. Code § 61-8C-3 [2014], the total number of images portraying a minor engaged in any sexually explicit conduct possessed by a person, at the same time and place, must be aggregated to determine the appropriate sentence pursuant to W.Va. Code § 61-8C-3(b), (c), or (d).

Justice Ketchum:

Petitioner Wayne Dubuque ("Mr. Dubuque") appeals from the Circuit Court of Jefferson County's March 16, 2016, sentencing order following his guilty plea to five counts relating to his possession of material visually depicting a minor engaged in sexually explicit conduct in violation of W.Va. Code § 61-8C-3 [2014].[1] The plea agreement provided that Mr. Dubuque retained "the right to appeal the Court's ruling as to the multiplicity of counts 5-9" to which he pleaded guilty.

On appeal, Mr. Dubuque asserts that the circuit court erred when it ruled that his possession of five individual VHS tapes containing child pornography subjected him to five separate violations of our child pornography statute. Mr. Dubuque argues that our child pornography statute does not permit a separate count of possession for each of the five VHS tapes; rather, it only permits him to be charged with a single count of possession. Thus, he argues that he was subjected to multiple punishments for the same

---

[1] Mr. Dubuque appealed and this Court affirmed the circuit court's order in a memorandum decision. *See State v. Dubuque*, No. 16-0357, 2017 WL 385791 (W.Va. Jan. 27, 2017) (memorandum decision). Mr. Dubuque subsequently filed a petition for rehearing which this Court granted.

1

criminal offense in violation of the double jeopardy clauses of the West Virginia and United States constitutions.[2]

After review, we find that the plain language of W.Va. Code § 61-8C-3 does not permit Mr. Dubuque to be charged with five separate violations of the statute. We therefore reverse the circuit court's March 16, 2016, order sentencing Mr. Dubuque for five separate violations of W.Va. Code § 61-8C-3. We remand this matter to the circuit court for entry of a new sentencing order consistent with our ruling herein.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On June 18, 2014, Mr. Dubuque's girlfriend, D.G.,[3] contacted the Jefferson County Sheriff's Office and reported that Mr. Dubuque had sexually assaulted her. Sergeant Steven Holz of the Jefferson County Sheriff's Office investigated the sexual assault at Mr. Dubuque's residence. During the course of this investigation, Sergeant Holz found a box in Mr. Dubuque's basement that was sealed with duct tape and had a note attached to it that provided, "Mom and Dad, if you are reading this then something must have happened on my trip. If so, Do not open this box. It is my request that this

---

[2] W. Va. Const. art. III, § 5 ("No person shall . . . be twice put in jeopardy of life or liberty for the same offence."); U.S. Const. amend. V ("No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb[.]")

[3] Due to the sensitive facts, we refer to D.G. only by her initials. *See In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005).

2

box and the contents inside be destroyed – No Questions Asked! Please know that I love you both. Please honor this request. Love, Wayne." Sergeant Holz testified that this box contained material visually depicting child pornography including Polaroid pictures and five VHS tapes. In addition to the material seized from this box, Sergeant Holz stated that other items were seized from the residence "including computers, [and] memory sticks."

Following this investigation, Mr. Dubuque was indicted by a Jefferson County grand jury on twenty criminal counts. The first four counts related to Mr. Dubuque sexually assaulting D.G. Counts five through nineteen involved possession of material depicting a minor engaged in sexually explicit conduct in violation of W.Va. Code § 61-8C-3. Specifically, counts five through seven charged Mr. Dubuque with possession of material depicting a minor engaged in sexually explicit conduct depicting violence against the minor; counts eight through nineteen charged Mr. Dubuque with possession of material depicting a minor engaged in sexually explicit conduct; and count twenty charged Mr. Dubuque with possession of child erotica.

Mr. Dubuque filed a motion to dismiss the multiple counts relating to his possession of child pornography. In this motion, counsel for Mr. Dubuque argued that "[b]ased upon the plain language of the statute [W.Va. Code § 61-8C-3], Mr. Dubuque should have been charged with a single violation for possession of child pornography." The circuit court denied this motion.

Thereafter, a plea agreement was reached in which Mr. Dubuque entered a guilty plea to 1) count one of the indictment regarding his second-degree sexual assault of D.G., and 2) counts five through nine of the indictment, regarding his possession of child pornography that was contained on the five VHS tapes recovered from his residence.

At the plea hearing, the State informed the circuit court that the five VHS tapes were made by Mr. Dubuque in New York and depicted Mr. Dubuque sexually abusing his minor niece. During this hearing, counsel for Mr. Dubuque told the circuit court that "this case is not about the abuse that occurred [on the VHS tapes], this case is not about the filming or the creation of those things, those things if prosecuted would be in New York. They still could be. I don't know what is going on . . . I can't say definitively. It could happen in New York but those are New York charges. All that has to do with New York. . . . When we are talking about this prosecution the only thing that this involves is possession." We emphasize that the only issue before this Court in the instant appeal is the interpretation of West Virginia's child pornography statues, and their application to Mr. Dubuque's possession of material depicting a minor engaged in sexually explicit conduct.

The plea agreement entered into by the parties provides as follows:

> 1. The defendant will plead guilty to counts five through nine of the indictment. Counts 5-7 allege the felony offense of Possession of Material Depicting a Minor Engaged in Sexually Explicit Conduct with Violence to the Minor. Counts 8 and 9 allege the felony offense Possession of Material Depicting a Minor Engaged in Sexually Explicit Conduct with such Material containing over 600 images. Each of these counts carries a sentence of not less than five

4

(5) nor more than fifteen (15) years in the state penitentiary. There is no agreement as to how these sentences are to be served (consecutively or concurrently).

2. The defendant will also plead guilty to the offense of Second Degree Sexual Assault as charged in count 1 of the indictment. He will be sentenced to not less than ten nor more than twenty years in the penitentiary upon his conviction for this offense. This sentence will be served concurrently with the sentence set forth in paragraph # 1. Thus, the defendant would be exposed to a maximum possible sentence of not less than twenty five (25) nor more than seventy five (75) years in the state penitentiary.
. . .

6. The parties agree that the Defendant will retain the right to appeal the Court's ruling as to [the] multiplicity of counts 5-9 to which he is pleading.

The circuit court entered a sentencing order on March 16, 2016, ruling that the five convictions for possession of child pornography would be served consecutively. Thus, the circuit court sentenced Mr. Dubuque to a total period of incarceration of twenty-five to seventy-five years. Mr. Dubuque now appeals the circuit court's sentencing order.

## II.
## STANDARD OF REVIEW

This Court's standard of review for an appeal from a sentencing order is set forth in Syllabus Point 1, in relevant part, of *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997): "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."

5

The issue in this appeal involves a matter of statutory interpretation. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

### III.
### ANALYSIS

The issue in this appeal is whether Mr. Dubuque may be charged with five violations of W.Va. Code § 61-8C-3 based on his possession of five individual VHS tapes containing child pornography. Mr. Dubuque argues that he received multiple punishments for the same offense in violation of his double jeopardy rights under both the federal and state constitutions.

This Court addressed double jeopardy protections under the federal constitution in Syllabus Point 1 of *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992):

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

This Court addressed double jeopardy protections under the state constitution in Syllabus Point 1 of *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977): "The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the

6

same offense after conviction. It also prohibits multiple punishments for the same offense."

Mr. Dubuque invokes the third double jeopardy prohibition—multiple punishments for the same offense. This Court held in Syllabus Point 4 of *State v. Goins*, 231 W.Va. 617, 748 S.E.2d 813 (2013), that "[t]he analysis of whether a criminal defendant may be separately convicted and punished for multiple violations of a single statutory provision turns upon the legislatively-intended unit of prosecution."[4] "The unit of prosecution of a statutory offense is generally a question of what the legislature intended to be the act or course of conduct prohibited by the statute for purposes of a single conviction and sentence." *Brown v. State*, 535 A.2d 485, 489 (Md. 1988).

Our determination of the legislatively-intended unit of prosecution for possessing child pornography pursuant to W.Va. Code § 61-8C-3 begins with a review of our rules of statutory construction. This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syllabus Point 2, *Crockett v. Andrews*,

---

[4] *See also* Syllabus Point 7, *State v. Gill*, *supra* ("A claim that double jeopardy has been violated based on multiple punishments imposed after a single trial is resolved by determining the legislative intent as to punishment.").

153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); and Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

The issue before this Court is whether W.Va. Code § 61-8C-3 subjects a person who possesses child pornography that is contained on separate physical media storage devices, *i.e.* five VHS tapes, to multiple violations of the statute.[5]

We begin by noting that W.Va. Code § 61-8C-3 was amended in 2014. Prior to its amendment, W.Va. Code § 61-8C-3 [1988] provided:

> Any person who, with knowledge, sends or causes to be sent, or distributes, exhibits, possesses or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than two years, and fined not more than two thousand dollars.

---

[5] Our analysis of this issue is confined to the factual scenario before us—a person who possess child pornography on individual physical media storage devices that are stored together in the same place, *i.e.,* in a box found in Mr. Dubuque's residence. We decline to address whether a person who possess child pornography on multiple individual media storage devices that are kept in different locations, such as a residence, an automobile, or the workplace, is subject to multiple violations of W.Va. Code § 61-8C-3.

This Court discussed the unit of prosecution under the prior version of W.Va. Code § 61-8C-3 in *Morgan v. Ballard*, No. 11–1677, 2013 WL 149602 (W.Va. Jan. 14, 2013) (memorandum decision). In *Morgan*, the petitioner sought a writ of habeas corpus, arguing that his trial lawyer was ineffective for failing to raise a double jeopardy argument in relation to his multiple convictions of violating W.Va. Code § 61-8C-3 [1988]. He asserted that his ten convictions should have been considered in the aggregate as one count. This Court rejected his argument and determined that "our statutes protecting children from exploitation are interpreted to mean that possession of *each photograph is a separate act and is a distinct and separate unit of prosecution* allowing the State of West Virginia to charge separate counts and prosecute each act of possession." *Id.* at *19. (Emphasis added).[6]

In 2014, the Legislature amended W.Va. Code § 61-8C-3, substantially changing the statute and adding a number of subsections that did not appear in the previous version. The 2014 amended version of W.Va. Code § 61-8C-3 provides:

---

[6] This Court also addressed the unit of prosecution under the prior version of W.Va. Code § 61-8C-3 in *State v. Shingleton*, 237 W.Va. 669, 790 S.E.2d 505 (2016). In *Shingleton*, the defendant was convicted of twenty counts of possession of child pornography under the prior version of W.Va. Code § 61-8C-3 based on his possession of twenty individual images depicting child pornography. In rejecting the defendant's double jeopardy challenge to his multiple convictions, the Court in *Shingleton* relied on the Court's ruling in *Morgan* and determined that the prior version of W.Va. Code § 61-8C-3 allowed each image depicting child pornography to be charged as a separate violation of the statute.

9

(a) Any person who, knowingly and willfully, sends or causes to be sent or distributes, exhibits, possesses, electronically accesses with intent to view or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony.

(b) Any person who violates the provisions of subsection (a) of this section when the conduct involves fifty or fewer images shall, upon conviction, be imprisoned in a state correctional facility for not more than two years or fined not more than $2,000 or both.

(c) Any person who violates the provisions of subsection (a) of this section when the conduct involves more than fifty but fewer than six hundred images shall, upon conviction, be imprisoned in a state correctional facility for not less than two nor more than ten years or fined not more than $5,000, or both.

(d) Notwithstanding the provisions of subsections (b) and (c) of this section any person who violates the provisions of subsection (a) of this section when the conduct involves six hundred or more images or depicts violence against a child or a child engaging in bestiality shall, upon conviction, be imprisoned in a state correctional facility for not less than five nor more than fifteen years or fined not more than $25,000, or both.

(e) For purposes of this section each video clip, movie or similar recording of five minutes or less shall constitute seventy-five images. A video clip, movie or similar recording of a duration longer than five minutes shall be deemed to constitute seventy-five images for every two minutes in length it exceeds five minutes.

As an initial matter, we find that the 2014 amended version of W.Va. Code § 61-8C-3 is not ambiguous. Under this amended version of W.Va. Code § 61-8C-3, subsection (a) defines the elements of the offense and, relevant to the instant matter, provides "[a]ny person who, knowingly and willfully . . . possesses . . . any material

10

visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony." While the parties in the instant matter disagree over the meaning of the phrase "any material" contained in subsection (a), we find that the meaning of this phrase is abundantly clear when read in the context of the remaining subsections of W.Va. Code § 61-8C-3.

The next three subsections of the statute set forth increasing penalties based upon the number of images or videos that a person is found to have possessed. Specifically, subsection (b) sets forth the penalty for possessing "fifty or fewer images" as up to two years. Subsection (c) sets forth the penalty for possessing "more than fifty but fewer than six hundred images" as not less than two nor more than ten years. The conduct Mr. Dubuque plead guilty to is set forth in subsection (d), which pertains to possession of more than 600 images of child pornography or possession of child pornography that depicts violence "against a child." Subsection (e) provides a formula for calculating the number of images contained on a "video clip, movie or similar recording."

It is clear that under the amended version of W.Va. Code § 61-8C-3, each child pornography image a person possesses is not a separate act which allows the State to charge a person with a separate and distinct violation of the statute. Instead, the 2014 amended version of W.Va. Code § 61-8C-3 requires an aggregation of the images and videos possessed by a person in order to determine the proper punishment under subsections (b) – (d). Otherwise, no effect would be given to the additional subsections,

11

(b) – (e), which the Legislature added to the statute in 2014. Therefore, it is clear that the phrase "any material" contained in subsection (a) refers in the aggregate to all of the material found in a person's possession at a particular time and place.[7]

The State concedes that under the current version of W.Va. Code § 61-8C-3, the penalty for possessing "still photos" depicting child pornography requires that the number of images be aggregated. Thus, there is no dispute that under the current version of the statute, each still photograph is *not* a separate act and does not permit the State to charge separate counts based on each individual image. Instead, the individual

---

[7] The word "material," when used as a noun, is often treated as plural. Black's Law Dictionary 1125 (10th ed. 2014) ("material, n. (often pl.) . . . 3. Information, ideas, data, documents, or other things that are used in reports, books, films, studies, etc."). Also, in *McKneely v. W.Va. Consol. Pub. Ret. Bd.*, 226 W.Va. 553, 559, 703 S.E.2d 524, 530 (2010), this Court stated that the word "any" could have a variety of meanings, including "every", depending on the context in which it is used:

As we held in syllabus point four of *Williams v. W.Va. Dept. of Motor Vehicles*, 187 W.Va. 406, 407, 419 S.E.2d 474, 475 (1992), "'[t]he word "any," when used in a statute, should be construed to mean any.' Syl. pt. 2, *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980)." This Court has recognized the term "any" to be "diversely defined." *Shaffer v. Fort Henry Surgical Associates, Inc.*, 215 W.Va. 453, 458, 599 S.E.2d 876, 881 (2004). Indeed, "any" means, *inter alia*, "[o]ne, no matter which, from three or more; a, an, or some; [s]ome, regardless of quantity or number[;][t]he smallest quantity or number of; even one; [e]very[.]" *American Heritage Dictionary* 59 (1980). Clearly, in the context of W.Va. Code § 15-2-29, the meaning of the word "any" is "every."

12

photographs must be aggregated and the penalty is determined based on the total number of images possessed pursuant to the directions set forth in W.Va. Code § 61-8C-3(b) – (d).

However, the State argues that unlike "still photos," a person who possesses multiple physical media storage devices depicting child pornography, like the five VHS tapes at issue, may be charged with multiple violations of W.Va. Code § 61-8C-3. We find the plain language of W.Va. Code § 61-8C-3 does not support the State's argument.

West Virginia Code § 61-8C-3 does not provide that the unit of prosecution for possessing child pornography varies depending on whether the images are contained on still photographs or on a physical media storage device, like a VHS tape. That is, if a person possessed 100 still photographs, it is undisputed that the unit of prosecution is *plural*—all of the 100 photographs would be aggregated and the possessor would face a single count of possession pursuant to subsection (c) of the statute. However, according to the State, if a person possessed five individual VHS tapes, the unit of prosecution is *singular*—each individual tape is a separate and distinct violation of the statute. We find nothing in the plain language of the statute supporting the contention that the unit of prosecution varies depending on whether the images are contained on a still photograph or on a media storage device.

Additionally, we find that the State's position that the unit of prosecution varies depending on the storage device could lead to absurd results. An example of this

13

potential absurdity can be seen in the following scenario: one computer containing 20,000 images of child pornography would subject a person to one violation of W.Va. Code § 61-8C-3(d). However, a person with the exact same content, 20,000 images, spread out evenly over five separate computers, would be subject to five violations of W.Va. Code § 61-8C-3(d). Thus, under the State's argument, the severity of the punishment would not depend on the conduct of possessing child pornography, it would depend on the type of media storage device that stored the images. We find that this interpretation is not supported by the plain language of the statute and could lead to inequitable results. "Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made." Syllabus Point 2, *Newhart v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938).

Further, we find that when the Legislature amended W.Va. Code § 61-8C-3, it could have explicitly stated that a separate and distinct violation of the statute occurs based on each individual media storage device found in a person's possession that contains child pornography. The Legislature chose not to include such direction in the statute. In examining other jurisdictions, we note that a number of states provide explicit direction defining the precise unit of prosecution in their child pornography statutes. *See* Ala. Code 1975 § 13A-12-190 (16) [2006] ("The depiction of an individual less than 17 years of age that violates this division shall constitute a separate offense for each single visual depiction."); Alaska Stat. § 11.61.127 [2010] ("Each film, audio, video, electronic,

14

or electromagnetic recording, photograph, negative, slide, book, newspaper, magazine, or other material that visually or aurally depicts conduct described in AS 11.41.455(a) that is possessed or accessed in violation of (a) of this section is a separate violation of this section."); Florida Stat. Ann. § 827.071(5)(a) [2012] ("The possession, control, or intentional viewing of each such photograph, motion picture, exhibition, show, image, data, computer depiction, representation, or presentation is a separate offense. If such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation includes sexual conduct by more than one child, then each such child in each such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation that is knowingly possessed, controlled, or intentionally viewed is a separate offense."); Iowa Code § 728.12(3) [2012] ("A visual depiction containing pictorial representations of different minors shall be prosecuted and punished as separate offenses for each pictorial representation of a different minor in the visual depiction. However, violations of this subsection involving multiple visual depictions of the same minor shall be prosecuted and punished as one offense.").[8]

Our Legislature is, of course, free to provide explicit direction defining the precise unit of prosecution in W.Va. Code § 61-8C-3 and may, if it deems proper, permit

_____

[8] *See also* 21 Okl.St.Ann. § 1024.1 [2012].

15

separate violations of the statute based on each individual media storage device.[9]

However, in the absence of such direction, this Court may not read into W.Va. Code § 61-8C-3 that which it plainly does not say. As this Court held in Syllabus Point 2 of *Huffman v. Goals Coal Co.*, 223 W.Va. 724, 679 S.E.2d 323 (2009):

> This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*.[10]

Based on all of the foregoing we hold that under W.Va. Code § 61-8C-3(a), any person who knowingly and willfully possesses any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony. Further, under W.Va. Code § 61-8C-3(b), any person who knowingly and willfully possesses *fifty or fewer images* visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony and, upon conviction, shall be imprisoned for not more than two years

---

[9] It is beyond dispute that possessing child pornography is a loathsome crime. As this Court explained in *State v. Riggleman*, 238 W.Va. 720, ___, 798 S.E.2d 846, 853 (2017): "Cognizant of this harm, the West Virginia Legislature determined long ago that it was necessary to prohibit possession of child pornography in order to halt sexual exploitation and abuse of children when it enacted West Virginia Code § 61-8C-3."

[10] Similarly, this Court has held that "[t]he Legislature has power to create and define crimes and fix their punishment[.]" Syllabus Point 2, in part, *State v. Woodward*, 68 W.Va. 66, 69 S.E. 385 (1910).

16

or fined not more than $2,000 or both. Additionally, under W.Va. Code § 61-8C-3(c), any person who knowingly and willfully possesses *more than fifty but fewer than six hundred images* visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony and, upon conviction, shall be imprisoned not less than two nor more than ten years or fined not more than $5,000, or both. Also, under W.Va. Code § 61-8C-3(d), any person who knowingly and willfully possesses *six hundred or more images* visually portraying a minor engaged in any sexually explicit conduct or images depicting violence against a child or images depicting a child engaging in bestiality shall, upon conviction, be imprisoned for not less than five nor more than fifteen years or fined not more than $25,000, or both. Finally, under W.Va. Code § 61-8C-3, the total number of images visually portraying a minor engaged in any sexually explicit conduct possessed by a person, at the same time and place, must be aggregated to determine the appropriate sentence pursuant to W.Va. Code § 61-8C-3(b), (c), or (d).

Applying this holding to the instant case, we find that the circuit court erred when it sentenced Mr. Dubuque for multiple violations of W.Va. Code § 61-8C-3(d) based on his possession of five individual VHS tapes. Based on the unit of prosecution as set forth by the plain language of W.Va. Code § 61-8C-3, Mr. Dubuque's possession of five VHS tapes subjects him to one violation of W.Va. Code § 61-8C-3(d). Therefore, we remand this matter to the circuit court for entry of a new sentencing order.

17

## IV.
## CONCLUSION

The circuit court's March 16, 2016, sentencing order is reversed and this matter is remanded to the circuit court for further proceedings consistent with this Opinion.

Reversed and Remanded With Directions.