**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**February 19, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0173** (Jefferson County 15-F-11)

**Wayne J. Dubuque,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Wayne J. Dubuque, by counsel Suzanne Williams-McAuliffe, appeals the order of the Circuit Court of Jefferson County, entered on January 30, 2020, denying his motion for reduction of sentence. Respondent State of West Virginia appears by counsel Patrick Morrisey and Holly M. Flanigan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dubuque is incarcerated for concurrent terms of ten to twenty-five years for his conviction of sexual assault in the second degree and five to fifteen years for his conviction of possession of material depicting a minor engaged in sexually explicit conduct. The history of the conviction, as well as the statutory construct that required our begrudging remand of Mr. Dubuque's original sentencing order for substantial adjustment, is discussed in *State v. Dubuque*, 239 W. Va. 660, 805 S.E.2d 421 (2017).

Representing himself, Mr. Dubuque filed a motion for reduction of sentence on January 31, 2018. He requested that his sentence be suspended in favor of probation based on his participation in several rehabilitative efforts and his "overall satisfactory incarceration record." The State responded and summarized Mr. Dubuque's history, including a graphic description of the sexual abuse inflicted on one victim, the subject of several of the images Mr. Dubuque possessed. Though the abuse of that victim was not charged in Mr. Dubuque's West Virginia criminal indictment (occurring, as it did, in another state), the conduct is undisputed.

1

Characterizing Mr. Dubuque's history as the "best indicator" of his likelihood to reoffend, the State described Mr. Dubuque's disturbing behavior and labeled him "a criminal that needs to be locked away as long as possible for the protection of the public and especially children."

The circuit court denied Mr. Dubuque's motion for reduction of sentence by order entered on January 20, 2020. It concluded that Mr. Dubuque had introduced no "new compelling evidence or argument that would demonstrate . . . that [his] character and the circumstances of this case indicate that [he] is not likely to again commit crime. . . .[T]he public good requires [his] continued incarceration." Petitioner appeals the circuit court's order on the ground that the court abused its discretion by considering the State's "improper and impermissible" arguments.

We review petitioner's argument according to the standard of review set forth in Syllabus Point 1 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996):

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

No corner of this three-pronged standard is offended by the circuit court's denial of Mr. Dubuque's motion. In light of Mr. Dubuque's shocking and heinous crimes—including the creation of a great many of the pornographic images in his cache—little discussion is required in support of the circuit court's rejection of Mr. Dubuque's plea to reenter society at this time.

Briefly stated, Mr. Dubuque's assignment of error depends on his charge that the State's attorney, acting in his "quasi-judicial" position, abused his role and "improperly prejudiced" the circuit court. The authority on which Mr. Dubuque relies, and indeed the whole of our related jurisprudence, declares that a "prosecuting attorney occupies a quasi-judicial position *in the trial of a criminal case.*" *See* Syl. Pt. 3, in part, *State v. Boyd*, 160 W. Va. 234, 233 S.E.2d 710 (1977) (emphasis added). Before us is the denial of a motion made pursuant to Rule 35 of the West Virginia Rules of Civil Procedure. The resolution of such a motion is committed to the sound discretion of the circuit court, and the State's comments are, therefore, not subject to the same heightened scrutiny of conduct before a jury. Certainly, in the case before us there is no indication that the circuit court considered improper information or that its order was the result of an abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 19, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton