## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-860** (Berkeley County CC-02-2022-F-34)

**Cody Bitner,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Cody Bitner appeals the Circuit Court of Berkeley County's October 27, 2022, conviction and sentencing order following his entry of guilty pleas to one count of distribution of material depicting minors engaged in sexually explicit conduct and two counts of possession of material depicting minors engaged in sexually explicit conduct.[1] The petitioner asserts that he could not be convicted and sentenced on both possession counts, that the circuit court erred in failing to advise him that he could not withdraw his plea, and that his sentence was excessive and disproportionate. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

According to her criminal complaint, West Virginia State Police Sergeant J.D. See received a report that the petitioner had uploaded child pornography to a messaging application. IP addresses associated with those uploads were traced to two addresses on the same street: one located at 1729 and the other at 1731, with the petitioner identified as the resident of 1731 and another individual sharing his last name connected to the 1729 address. Sergeant See documented that she traveled to those two addresses. She reported that 1731 is a single-family home located next to a detached garage with a carport overhang, and she observed a camper between the residence and the street. Sergeant See documented that 1729, a single wide trailer, shared a driveway with 1731, and she noted at least two vehicles on the properties. Sergeant See stated that "[t]his should be considered for the physical structures of 1731 and 1729 . . . but to include other buildings/campers/curtilage on the property of these addresses."

Also in her criminal complaint, Sergeant See reported that a search warrant was executed at 1729 and 1731 on June 30, 2021, and that the petitioner "provided a statement acknowledging he uploaded child pornography to different social media accounts." Sergeant See documented that "[t]hree phones were seized from [the petitioner's] camper/possession which are listed in the

---

[1] The petitioner appears by counsel Daniel H. Goldman and Kevin D. Mills. The State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

property to be seized and the premises to be searched."[2] Sergeant See reported that an ensuing analysis showed that one phone contained "96 images and 6 videos of suspected child pornography or of a questionable age pornography," and the second contained "909 images and 1326 videos of suspected child pornography or of a questionable age pornography."[3]

In February 2022, the Berkeley County Grand Jury returned an indictment charging the petitioner with twenty-six counts of violating West Virginia Code § 61-8C-3, which, stated generally, relates to distributing and possessing child pornography. The parties entered into a plea agreement to resolve these charges. The petitioner agreed to plead guilty to Counts One (distributing child pornography on or about October 2, 2020, via a social media application), Twenty-Four (possessing approximately 909 images and 1,326 videos depicting children engaged in sexually explicit conduct on or about July 1, 2021), and Twenty-Five (possessing media depicting a child engaged in an act of bestiality on or about July 1, 2021), and the State agreed to dismiss the remaining charges. The plea agreement set forth the statutory penalties for each conviction, specified that the agreement was "non-binding in nature," and informed the petitioner that the circuit court would retain "full discretion as to sentencing under the law." The State agreed, however, "to recommend an alternative sentence of supervised probation of a minimum of seven (7) years," and the petitioner was free to argue for probation.

The circuit court held a plea and sentencing hearing on October 17, 2022. The State placed the terms of the plea agreement on the record, reiterating the maximum sentence the petitioner faced under the terms of the agreement, that the agreement was non-binding, and that the court retained full sentencing discretion. The petitioner acknowledged the accuracy of the State's recitation of the terms and denied that anyone had "promised or suggested that [he] would be rewarded in any manner or that [he would] be given a lighter sentence by pleading guilty." In providing a factual basis for the petitioner's pleas, the State asserted that it could "prove through witness testimony and the [petitioner's] own statements and through data recovered from the [petitioner's] computers, social media data, online data pictures and video that the [petitioner] had in his possession numerous pictures and videos depicting minors engaged in sexual activity." The petitioner said he believed that the State could prove what it claimed it could prove and that he wanted to proceed with entering his guilty pleas as outlined in the parties' agreement. After the petitioner signed a guilty plea form in court, the court asked if he was "sure this is how you wish to resolve this matter?" The petitioner answered, "Yes, Your Honor." The court then informed the petitioner that "[t]his is your last opportunity to withdraw the acceptance of this plea" and asked if he was "sure" he wanted the court to accept his plea. The petitioner again responded, "Yes, Your Honor." The court, accordingly, found that the petitioner's pleas were knowingly, freely, and intelligently entered and adjudged him guilty of the distribution and possession of child pornography charges. In imposing its sentence, the court found that "the nature and extent of the charges" did not warrant an alternative sentence, so it sentenced him to consecutive terms of not less than two nor more than ten years of imprisonment for Count One (distribution), not less than

---

[2] Neither the search warrant nor the property receipt was included within the appendix record.

[3] It does not appear that a digital forensic examination of the third phone was conducted.

2

five nor more than fifteen years of imprisonment for Count Twenty-Four (possession of more than 600 images), and not less than five nor more than fifteen years for Count Twenty-Five (possession of material depicting minors engaged in bestiality). This appeal followed.

The petitioner raises three assignments of error. In his first, he contends that his separate convictions for possessing material depicting minors engaged in sexually explicit conduct and possessing material depicting minors engaged in bestiality violate double jeopardy principles because, under *State v. Dubuque*, 239 W. Va. 660, 805 S.E.2d 421 (2017), images and videos found at the same time and place must be aggregated to assess punishment. According to the petitioner, his convictions for the separate possession charges were "based on the same cache of illicit material seized from him at one instant." The petitioner acknowledges that he failed to object to the plea agreement and that trial counsel, in fact, advised the petitioner to accept the plea agreement, but he maintains that plain error occurred.[4] He further maintains that he has not waived his double jeopardy claim by pleading guilty because an exception to the waiver rule exists for a "charge, when judged on its face, is one which the State may not constitutionally prosecute." *See State v. McGilton*, 229 W. Va. 554, 559, 729 S.E.2d 876, 881 (2012) (quoting *United States v. Broce*, 488 U.S. 563, 574-75 (1989)).

This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We review double jeopardy claims de novo. *McGilton*, 229 W. Va. at 555, 729 S.E.2d at 877, Syl. Pt. 1. To establish plain error, however, "there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). "Plain" error is that which is "'clear' or 'obvious.'" *Id.* at 7, 459 S.E.2d at 118, Syl. Pt. 8, in part. And "[t]o affect substantial rights means the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court, and the defendant rather than the prosecutor bears the burden of persuasion with respect to prejudice." *Id.*, Syl. Pt. 9, in part. Further, "an unpreserved error is deemed plain and affects substantial rights only if the reviewing court finds the lower court skewed the fundamental fairness or basic integrity of the proceedings in some major respect," and the "rule should be exercised only to avoid a miscarriage of justice." *State v. LaRock*, 196 W. Va. 294, 317, 470 S.E.2d 613, 636 (1996).

We need not here address whether the facts of the petitioner's case meet the exception articulated in *McGilton* because it is readily discernible that, even if we grant the petitioner the benefit of that exception, he has not established plain error in his multiple convictions/sentences. To be sure, both the federal and state constitutions prohibit the imposition of multiple punishments for the same offense, and in *Dubuque*, to avoid running afoul of that prohibition, we held that "[u]nder W.Va. Code § 61-8C-3 [2014], the total number of images portraying a minor engaged in any sexually explicit conduct possessed by a person, at the same time and place, must be aggregated to determine the appropriate sentence pursuant to W.Va. Code § 61-8C-3(b), (c), or (d)."[5] *Dubuque*, 239 W. Va. at 662, 805 S.E.2d at 423, Syl. Pt. 8. As such, the defendant in

---

[4] The petitioner's trial counsel was different from his counsel on appeal.

[5] West Virginia Code § 61-8C-3 provides:

*Dubuque* could not be sentenced for multiple violations of West Virginia Code § 61-8C-3 where the five VHS tapes that formed the basis of his five separate convictions under that statute were found together in a box sealed with duct tape. *Id.* at 663, 805 S.E.2d at 424. We made clear, though, that "[o]ur analysis of this issue is confined to the factual scenario before us—a person who possess[es] child pornography on individual physical media storage devices *that are stored together in the same place*, *i.e.*, in a box found in Mr. Dubuque's residence." *Id.* at 665 n.5, 805 S.E.2d at 426 n.5 (emphasis added). We declined "to address whether a person who possess[es] child pornography on multiple individual media storage devices *that are kept in different locations*, such as a residence, an automobile, or the workplace, is subject to multiple violations of W.Va. Code § 61-8C-3." *Id.* (emphasis added). Here, the record is not at all clear that the child pornography the petitioner possessed was stored together in the same place. Sergeant See's criminal complaint recites that the property to be searched in executing the search warrant included, at minimum, two homes, a garage, vehicles, and a camper.[6] The petitioner, too, was present when the search warrant was executed, as he provided an incriminating statement. Phones containing child pornography were seized from "his camper/possession." At the plea hearing, the State asserted that its proof included computers, social media data, and online data. While Count

(a) Any person who, knowingly and willfully, sends or causes to be sent or distributes, exhibits, possesses, electronically accesses with intent to view or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony.

(b) Any person who violates the provisions of subsection (a) of this section when the conduct involves fifty or fewer images shall, upon conviction, be imprisoned in a state correctional facility for not more than two years or fined not more than $2,000 or both.

(c) Any person who violates the provisions of subsection (a) of this section when the conduct involves more than fifty but fewer than six hundred images shall, upon conviction, be imprisoned in a state correctional facility for not less than two nor more than ten years or fined not more than $5,000, or both.

(d) Notwithstanding the provisions of subsections (b) and (c) of this section any person who violates the provisions of subsection (a) of this section when the conduct involves six hundred or more images or depicts violence against a child or a child engaging in bestiality shall, upon conviction, be imprisoned in a state correctional facility for not less than five nor more than fifteen years or fined not more than $25,000, or both.

(e) For purposes of this section each video clip, movie or similar recording of five minutes or less shall constitute seventy-five images. A video clip, movie or similar recording of a duration longer than five minutes shall be deemed to constitute seventy-five images for every two minutes in length it exceeds five minutes.

[6] Again, neither the search warrant nor property receipt was made part of the appendix record.

Twenty-Four of the indictment specifies that it relates to the petitioner's possession of approximately 909 images and 1,326 videos depicting children engaged in sexually explicit conduct and, therefore, corresponds to one of the phones seized and analyzed, the record does not specify where the media depicting a child engaged in an act of bestiality, which forms the basis of Count Twenty-Five, was recovered. As it is not clear from this record that the child pornography forming the basis of the petitioner's separate possession convictions was stored together, and as *Dubuque* explicitly did not speak to child pornography possessed in different locations, such as in a home, on one's person, and in a vehicle/camper, it cannot be said that there is error that is plain in the petitioner's separate convictions and sentences for possessing child pornography.

Moreover, the petitioner contends that he was prejudiced by the claimed error because "[i]f he had been convicted and sentenced for only one violation of W.Va. Code § 61-8C-3, as he would have been but for the double jeopardy violation, he would have five to fifteen fewer years to serve in prison." He contends that one of his sentences for possession of child pornography must be vacated.

This argument overlooks the fact that the petitioner entered into a plea agreement with the State, under which *twenty-three* other counts were dismissed—nearly all of which charged distribution, not possession. "When a defendant enters into a valid plea agreement with the State that is accepted by the trial court, an enforceable 'right' inures to both the State and the defendant not to have the terms of the plea agreement breached by either party." Syl. Pt. 4, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998). Yet the petitioner would have this Court vacate his sentence for one of the charges he agreed the State could prove and that he voluntarily, intelligently, and knowingly pled guilty to, while preserving the portion of the agreement dismissing the twenty-three other charges. We have declined to fashion the sort of "blatantly unfair remedy against the State" the petitioner urges. *See State v. Coles*, 234 W. Va. 132, 139, 763 S.E.2d 843, 850 (2014) (declining to vacate one conviction on double jeopardy grounds while "keeping intact that part of the plea agreement that required dismissal of the other three felony charges"). Accordingly, because the remedy the petitioner seeks is not the one this Court would afford, the petitioner has not persuaded this Court that he has been prejudiced by any claimed error. For all these reasons, neither the basic integrity nor fundamental fairness of the proceedings has been skewed, and the petitioner has not demonstrated plain error in his separate convictions and sentences for possessing child pornography.

In the petitioner's next assignment of error, he asserts plain error in the circuit court's failure to advise him that he would be unable to withdraw his guilty plea. He claims that his "acceptance of the plea agreement was conditioned on his understanding that he would be sentenced in accordance with that agreement, to a maximum of seven years supervised probation and [twenty-five] years supervised release."

Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure addresses plea agreement procedure and requires that "the court shall advise the defendant that if the court does not accept the [sentencing] recommendation or request, the defendant nevertheless has no right to withdraw the plea." But "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." W. Va. R. Crim. P. 11(h); *see also* Syl. Pt. 3, *State v. Valentine*, 208 W. Va. 513, 541 S.E.2d 603 (2000) ("The omission of the statement required by

5

Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure must be deemed harmless error unless there is some realistic likelihood that the defendant labored under the misapprehension that his plea could be withdrawn."). The petitioner signed a written plea agreement providing that it "is non-binding in nature" and that the circuit court "retain[ed] full discretion as to sentencing under the law." At the petitioner's plea hearing, the State reiterated that sentencing was left to the court's discretion and that the parties' agreement was non-binding upon the court. The petitioner confirmed his understanding and acceptance of these terms, and he confirmed that no one promised a lighter sentence by pleading guilty. Furthermore, the petitioner was provided with a "last opportunity to withdraw" his plea, yet he maintained his desire to plead guilty as outlined in the plea agreement. Under these facts, it is clear that the petitioner understood that an alternative sentence was not guaranteed, that he did not "labor[] under the misapprehension that his plea could be withdrawn," and that he is simply dissatisfied with the court's refusal to impose an alternative sentence. *See Valentine*, 208 W. Va. at 514, 541 S.E.2d at 604, Syl. Pt. 3. As a result, any failure to strictly comply with the requirements of Rule 11(e)(2) was harmless.

In the petitioner's third and final assignment of error, he contends that his sentences for each possession of child pornography conviction are disproportionate because he "was not properly convicted of two separate offenses." As we found above, however, the petitioner was properly convicted of both counts, and the petitioner's indeterminate sentence of not less than five nor more than fifteen years of incarceration for each conviction is the statutorily required sentence for possession of the child pornography at issue here. *See* W. Va. Code § 61-8C-3(d). Because the petitioner's proportionality argument hinges on his erroneous belief, and our proportionality standards "are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence," the petitioner's challenge here is without merit. *See* Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 29, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn

**CONCURRING, IN PART, DISSENTING, IN PART:**

Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison

**Wooton, Justice, concurring, in part, and dissenting, in part:**

I concur in the Court's judgment, as I agree that the petitioner's conviction should be affirmed.

I respectfully dissent, however, from the Court's resolution of the double jeopardy issue insofar as the resolution rests on two premises: first, that because it is unclear whether the images and videos of child pornography were stored in the same place, *see State v. Dubuque*, 239 W. Va. 660, 805 S.E.2d 421 (2017), the petitioner cannot establish plain error; and second, that it would be "blatantly unfair . . . [to the] State" to vacate his conviction on one count of the indictment when twenty-three other counts were dismissed pursuant to the plea agreement. Both of these are determinations on the merits of the claim, which I would have eschewed in favor of simply holding that,

> [i]f a guilty plea is shown to have been intelligently and voluntarily entered into, generally it cannot be directly or collaterally attacked on double jeopardy grounds. One exception to this rule permits a defendant to show that the face of the record in the case establishes that a court lacked power to convict or sentence the defendant.

Syl. Pt. 2, *State v. Coles*, 234 W. Va. 132, 763 S.E.2d 843 (2014). In this case, there is no suggestion that the circuit court lacked the power to convict or sentence, and therefore the petitioner has waived any double jeopardy argument.

I am further concerned that this case may be cited as support for the proposition that where a defendant pleads guilty to a charge or charges in the indictment, constitutional error can be excused on appeal on the ground of some nebulous "unfairness to the State." In the absence of evidence that the defendant engineered the error from which he now seeks relief, I do not believe that unfairness to the State can ever trump a denial of the defendant's constitutional rights.

For these reasons, I respectfully concur, in part, and dissent, in part.

**Hutchison, Justice, dissenting:**

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.