# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-80** (Barbour County 21-F-59)

**Shawn Douglas Newman,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Shawn Douglas Newman appeals the Circuit Court of Barbour County's January 6, 2023, sentencing order.[1] The petitioner alleges that the circuit court erred in sentencing him to life imprisonment as a recidivist in violation of the constitutional prohibition against disproportionate sentences. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2021, the petitioner was indicted for three counts of delivery of a controlled substance (methamphetamine), second or subsequent offense; four counts of conspiracy to violate the controlled substances act, second or subsequent offense; one count of possession of a controlled substance (methamphetamine) with intent to deliver, second or subsequent offense; and two counts of prohibited person in possession of a firearm. On November 4, 2021, the petitioner pled guilty to one count of possession of a controlled substance (methamphetamine) with intent to deliver, a lesser included offense of possession of a controlled substance with intent to deliver, second or subsequent offense. The State agreed to dismiss the remaining charges but retained the right to make an independent sentencing recommendation and to file a recidivist information prior to the petitioner's sentencing.

Following the petitioner's plea of guilty, the State filed an information charging the petitioner as a recidivist for a third offense of felony conviction, pursuant to West Virginia Code § 61-11-18(d). The State cited as the petitioner's previous convictions: his November 4, 2021, conviction for possession of a controlled substance with intent to deliver methamphetamine, as the recidivist statute's triggering offense; an August 16, 2017, conviction for conspiracy, as the first underlying conviction; and a January 26, 2018, conviction for possession of a controlled substance with intent to deliver methamphetamine, as the second underlying conviction. The recidivist

---

[1] The petitioner appears by counsel Dana F. Eddy. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

information indicated that the petitioner's offense dates for the first and second underlying convictions were November 11, 2016, and September 3, 2017, respectively. The State and the petitioner again reached an agreement to resolve the case, and on July 22, 2022, the petitioner stipulated to the allegations within the information and entered a plea of guilty to the recidivist charge.

At the November 18, 2022, sentencing hearing, the State called Corporal Joshua Tomlin from the West Virginia State Police Bureau of Criminal Investigation who testified that he discovered approximately sixty-six grams of methamphetamine in the petitioner's apartment, and the petitioner admitted to going to Morgantown once a week to buy methamphetamine with the intention of selling it. Prior to sentencing the petitioner, the circuit court voiced grave concerns about his drug conviction history:

> The Court has noted that this community has been inundated with drugs, especially methamphetamine. . . . [I]t has a horrible effect on the community. It's very hard to weed out. And a lot [of] sorrow and sorrowful stories I have heard here from the bench that are associated with drug use. It's destroyed lives, families, resulted in deaths. It costs money, effort, time, not to mention other crimes that go along with that . . . .

Thereafter, the court sentenced the petitioner to life imprisonment, with mercy, and entered an order reflecting its ruling. The petitioner now appeals the circuit court's sentencing order on proportionality grounds.

Upon appeal, we review "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "Where the issue involves the application of constitutional protections, our review is de novo." *State v. Patrick C.*, 243 W. Va. 258, 261, 843 S.E.2d 510, 513 (2020). Furthermore, "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980). We ordinarily limit proportionality reviews to sentences "where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). The petitioner is appealing his life recidivist sentence. Accordingly, we turn to the petitioner's argument on appeal.

The recidivist statute, West Virginia Code § 61-11-18(d) (2020),[2] provides, in relevant part:

---

[2] The offense date of the petitioner's triggering conviction is June 8, 2021; therefore, the 2020 version of West Virginia Code § 61-11-18, effective June 5, 2020–July 5, 2021, is quoted here.

2

When it is determined, as provided in § 61-11-19[3] of this code, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary which has the same elements as a qualifying offense, the person shall be sentenced to imprisonment in a state correctional facility for life: *Provided*, That prior convictions arising from the same transaction or series of transactions shall be considered a single offense for purposes of this section[.]

This Court has previously examined the proportionality implications of the recidivist statute and has determined that the statute should be viewed "in a restrictive fashion in order to mitigate its harshness." *Wanstreet*, 166 at 528, 276 S.E.2d at 209. This Court has held that adherence to constitutional proportionality standards requires analysis of "the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person[.]" *See* Syl. Pt. 7, in part, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981). This Court clarified the holding in *Beck* as follows:

For purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c),[4] two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results. If this threshold is not met, a life recidivist conviction is an unconstitutionally disproportionate punishment under Article III, Section 5 of the West Virginia Constitution.

Syl. Pt. 12, *State v. Hoyle*, 242 W. Va. 599, 836 S.E.2d 817 (2019).

In the present case, the petitioner alleges that the circuit court erred in sentencing him to life imprisonment as a recidivist because the expressed legislative purpose of the recidivist statute is "the imposition of increased confinement for the dangerous criminal who repeatedly commits serious crimes[,]" *see Wanstreet*, 166 W. Va. at 533, 276 S.E.2d at 211, and that legislative purpose is not served by imposing a life sentence in his case because he is not a dangerous criminal who has dedicated his life to drug dealing. While the petitioner readily concedes that two of his prior convictions carry an inherent risk of violence, he contends that his circumstances are distinguishable from those of a dangerous criminal because: (1) his underlying convictions occurred over a short time period, their sentences were served concurrently, and they essentially equal one conviction, and (2) his underlying and triggering convictions involved small drug amounts with no evidence of violence in their commission. The petitioner claims that the imposition of a recidivist life sentence is excessive and disproportionate unless the circuit court first determines that the legislative purpose of confining dangerous criminals is served by its

---

[3] West Virginia Code § 61-11-19 prescribes the trial procedures for persons convicted of a second or third offense punishable by confinement in the penitentiary.

[4] In its 2020 amendment of § 61-11-18, the Legislature moved the referenced language to subsection (d). *See supra* note 2.

application, and alternative sentencing under the Uniform Controlled Substances Abuse Act ("UCSA"), located within Chapter 60A of the West Virginia Code, was more appropriate in his case.

As detailed above, the recidivist statute provides that "prior convictions arising from the same transaction or series of transactions shall be considered a single offense for purposes of this section." *See* W. Va Code § 61-11-18(d). In the present case, the record reveals that the petitioner's conspiracy conduct occurred on November 11, 2016, and the offense of possession of a controlled substance with intent to deliver occurred on September 3, 2017. These dates are almost ten months apart, and the petitioner's underlying criminal acts were charged as separate offenses which resulted in separate convictions. The petitioner has not cited to any authority to suggest that offenses spanning such a large time range may be classified as one offense for sentencing purposes under West Virginia Code § 61-11-18(d) or that classification of his offenses as a singular offense is consistent with the Legislature's intent in enacting this statute. *See State v. Dubuque*, 239 W. Va. 660, 665, 805 S.E.2d 421, 426 (2017) ("The unit of prosecution of a statutory offense is generally a question of what the legislature intended to be the act or course of conduct prohibited by the statute for purposes of a single conviction and sentence."). We therefore conclude that the circuit court did not err in treating the petitioner's underlying convictions as separate convictions under the recidivist statute.

The petitioner's additional assertion that his triggering and underlying convictions should not be considered violent is negated by the language of West Virginia Code § 60A-10-2, which provides, in relevant part:

> (c) That use of methamphetamine can result in fatal kidney and lung disorders, brain damage, liver damage, blood clots, chronic depression, hallucinations, violent and aggressive behavior, malnutrition, disturbed personality development, deficient immune system and psychosis. . . .

> (d) That in addition to the physical consequences to an individual who uses methamphetamine, usage of the drug also produces an increase in automobile accidents, explosions and fires, increased criminal activity, increased medical costs due to emergency room visits, increases in domestic violence, increased spread of infectious diseases and a loss of worker productivity.

This statute clearly indicates that the Legislature views methamphetamine as a serious threat to West Virginia citizens, and it did not limit its condemnation of methamphetamine to amounts above a certain quantity. During the petitioner's sentencing hearing, the circuit court reiterated the Legislature's sentiments concerning the dangers of methamphetamine by indicating that the presence of drugs has had a horrible impact on the community. Additionally, this Court has noted that "both cocaine and methamphetamine, like heroin, are 'a silent scourge that [have] saturated our State' destroying the lives of users and their families and in many instances causing death." *See State v. Ingram*, No. 19-0016, 2020 WL 6798906, at *6 (W. Va. Nov. 19, 2020) (memorandum decision) (quoting *State v. Norwood*, 242 W. Va. 149, 158, 832 S.E.2d 75, 84 (2019)). Here, the petitioner's triggering offense and one of his underlying offenses involved methamphetamine, and the petitioner admitted to Corporal Tomlin that he regularly sold

methamphetamine. As such, the circuit court did not err in finding that at least two of the petitioner's felony convictions, the triggering and one underlying conviction, were violent or contained a threat of violence due to their connection with methamphetamine or in sentencing him as a recidivist. While the petitioner suggests alternative sentencing under the UCSA was appropriate, we reiterate our previous findings that recidivist sentencing under West Virginia Code § 61-11-18 takes priority over sentencing as a subsequent offender under the UCSA. *See* Syl. Pt. 5, *State v. McBride*, 222 W. Va. 17, 658 S.E.2d 547 (2007) (holding that a defendant with two convictions under the UCSA, that subjects them to confinement in a state correctional facility, shall be sentenced under the recidivist statute rather than pursuant to the UCSA).

Accordingly, we find that the circuit court's sentencing order imposing life imprisonment on the petitioner as a recidivist does not violate the constitutional prohibition against disproportionate sentences.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISSENTING:**

Chief Justice William R. Wooton

Wooton, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.